CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

---

Sandeep K. Randhawa,

             Plaintiff,

v.

Convergent Outsourcing, Inc., and
AmSher Collection Services, Inc.,

             Defendants.

Index No.: _____

**COMPLAINT**

---

Plaintiff Sandeep K. Randhawa, by and through the undersigned counsel, states as follows:

1. The Plaintiff seeks redress for the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 *et seq.*

2. This action arises out the Defendants' unlawful communication, deceptive practices, and harassment. This action does not arise out of a consumer credit transaction as per Section 1191(b-1) of the New York Civil Court Act.

### JURISDICTION AND VENUE

3. The Plaintiff seeks to recover damages in an amount not exceeding $25,000 (exclusive of costs and interest). As such, this Court has jurisdiction over the present action pursuant to Section 201 of the New York City Civil Court Act.

4. Pursuant to Section 301 of the New York City Civil Court Act, the proper venue for trial is Kings County. The Plaintiff resides in Kings County; the Defendants transact



business in Kings County by engaging in collection activities against residents; and the collection-related events giving rise to the claims occurred in Kings County.

## THE PARTIES

5. The Plaintiff repeats and restates each of the allegations contained in the paragraphs above as if fully contained herein.

6. The Plaintiff is an adult individual consumer (*see* 15 U.S.C. § 1692a(3)) residing in the State of New York, County of Kings.

7. The Defendants are foreign corporations authorized to do business in the State of New York.

8. The Defendants are third-party debt collection companies that were attempting to collect an alleged financial obligation from the Plaintiff.

## FACTUAL ALLEGATIONS

9. The Plaintiff repeats and restates each of the allegations contained in the paragraphs above as if fully contained herein.

10. In 2015, the Defendants purchased, were assigned, or were hired to collect a debt allegedly owed by the Plaintiff.

11. Upon information and belief, the alleged debt was not valid.

12. The Defendants made their initial collection-related communication by telephone. Following the initial call, the Defendants did not send the Plaintiff a letter (within five days) advising her of her rights to dispute the debt. *See* 15 U.S.C. § 1692g.

13. Upon information and belief, the Defendants placed more than fifty calls to the Plaintiff's cellular phone. The incessant calls (placed at odd times) were intended to intimidate the Plaintiff and force her into paying the alleged debt.

2

14. Upon information and belief, the Defendants called the Plaintiff using an automatic telephone dialing system ("ATDS") or a system with ATDS capacity. *See* 47 U.S.C. § 227(a). Calls were placed to the Plaintiff's cellular phone without prior express consent. *Id.*

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15. The Plaintiff repeats and restates each of the allegations contained in the paragraphs above as if fully contained herein.

16. The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, and abuse the Plaintiff. Upon information and belief, the Defendants' incessant calling was intended to intimidate the Plaintiff and force her into paying an alleged debt.

17. The Defendants violated 15 U.S.C. § 1692g by failing to apprise the Plaintiff of her rights to dispute the debt and request creditor information.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

18. The Plaintiff repeats and restates each of the allegations contained in the paragraphs above as if fully contained herein.

19. The Defendants used an ATDS or a system with ATDS capacity to call the Plaintiff's cellular telephone without her prior express consent. This conduct violated 47 U.S.C. § 227(b)(1)(A)(iii).

20. Furthermore, the Defendants willfully and knowingly violated the TCPA. Thus, the Plaintiff is entitled to treble damages. *See* 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment for an amount not exceeding $25,000 (exclusive of costs and interest) be entered against the Defendants by

1. Awarding the Plaintiff actual damages, statutory damages, costs, and attorneys' fees pursuant to the FDCPA;

2. Awarding the Plaintiff damages and costs for each violation (and treble damages for each knowing and willfully violation) of the TCPA;

3. Granting such other and further relief that the Court may deem just and proper.

Dated: August 24, 2016

Respectfully submitted,

By: _____
Hashim Rahman, Esq.
Rahman Legal
155 Water Street
Brooklyn, NY 11201
hrahman@rahmanlegal.com
Phone: (347) 433-6139
Fax:    (347) 382-9457

# RAHMAN LEGAL

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

Sandeep K. Randhawa,

                Plaintiff,

Index No.: _____

- against -

Convergent Outsourcing, Inc., and
AmSher Collection Services, Inc.,

                Defendants.

**SUMMONS**
**COMPLAINT**

Hashim Rahman, Esq.
Rahman Legal
Attorney for Plaintiff
155 Water Street
Brooklyn, NY 11201
Phone: (347) 433-6139
Fax: (347) 382-9457

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

014068

| | |
|---|---|
| Sandeep K. Randhawa, | Index Number: _____ |
| Plaintiff, | |
| v. | SUMMONS |
| | Plaintiff's Residence: |
| | 10104 4th Ave. |
| Convergent Outsourcing, Inc., and | Brooklyn, NY 11209 |
| AmSher Collection Services, Inc., | |
| | The basis of venue designated is: |
| Defendants. | Plaintiff's county of residence |
| | (NYC Civil Court Act § 301) |

To Defendant AmSher Collection Services, Inc.:

YOU ARE HEREBY SUMMONED to appear in the Civil Court of New York, County of Kings, at the office of the Clerk of the said Court at 141 Livingston Street, Brooklyn, NY 11201, in the County of Kings, City and State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: August 24, 2016

Hashim Rahman, Esq.
Attorney for Plaintiff
155 Water Street, Brooklyn, NY 11201
1-347-433-6139

FILED
CLERKS OFFICE
AUG 24 2016
CIVIL COURT
KINGS COUNTY

Defendant's Address:
AmSher Collection Services, Inc.
4524 Southlake Parkway, Ste. 15
Hoover, AL 35244

NOTE: The law provides that: (a) if this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or (b) if this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer. Where a defendant appears by an attorney, a copy of such defendant's answer shall be served upon the plaintiff's attorney, or upon the plaintiff if the plaintiff appears in person, at or before the time of filing the original answer with proof of service thereof.